Case 1:22-cv-02097-WMR  Document 2  Filed 05/25/22  Page 1 of 13

State Court of Fulton County
**E-FILED**
21EV005606
4/15/2022 2:34 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| FELICIA YOUNG, individually, as surviving parent, and as Anticipated Administrator of the Estate of her deceased son, MALIK YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>PINE RIDGE MACON, LLC, CAPSTONE PROPERTY MANAGEMENT, LLC, NEW HOME, LLC NEW HOME AT NORTHWOOD, LLC, and KMA FOXCROFT, LLC<br><br>Defendants. | Civil Action No. 21EV005606<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff in the above-styled action and hereby files her Complaint, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Felicia Young brings this case as the surviving parent of Malik Young. Plaintiff states her intention to bring each and every claim permissible under Georgia law and seeks all special damages, economic losses, medical expenses, funeral expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, punitive, estate and wrongful death damages permissible under Georgia law. Plaintiff Young seeks to recover the full value of Malik Young's life under Georgia's wrongful death laws. As the anticipated administrator of the Estate

1

of Malik Young, Plaintiff also seeks all estate-based damages.

2.

Defendant Pine Ridge Macon, LLC ("PRM" or "Defendant") is a limited liability company organized and registered to do business in Georgia and is the owner, manager, and/ or occupier of the Pine Ridge Apartments, located at or about 1966 Clinton Road, Macon, Georgia 31211. Defendant PRM may be served through its registered agent, Mitchell T. Bagwell at his physical address as listed with Georgia's Secretary of State, 400 Northridge Road, Suite 1225, Atlanta, Georgia, 30350.

3.

Jurisdiction and venue are proper as to Defendant PRM.

4.

Defendant PRM has been properly served with process in this matter.

5.

Defendant Capstone Property Management, LLC ("CPM" or "Defendant") is a limited liability company organized and registered to do business in Georgia and is the owner, manager, and/ or occupier of the Pine Ridge Apartments, located at or about 1966 Clinton Road, Macon, Georgia 31211. Defendant CPM may be served through its registered agent, Ellen Crouch Adams, at her physical address as listed with Georgia's Secretary of State 9868 Whitefield Avenue, Savannah, GA, 31406.

6.

Jurisdiction and venue are proper as to Defendant CPM.

7.

Defendant CPM has been properly served with process in this matter.

8.

Defendant New Home, LLC ("New Home" or "Defendant") is a limited liability company organized and registered to do business in Georgia and is the owner, manager, and/ or occupier of the Pine Ridge Apartments, located at or about 1966 Clinton Road, Macon, Georgia 31211. Defendant New Home may be served through its registered agent, Blumberg Excelsior at his physical address as listed with Georgia's Secretary of State, 4992 Highland Oaks Way SE, Mabelton, GA, 30126.

9.

Jurisdiction and venue are proper as to Defendant New Home.

10.

Defendant New Home has been properly served with process in this matter.

11.

Defendant New Home at Northwood, LLC ("Northwood" or "Defendant") is a limited liability company organized in North Carolina and is the owner, manager, and/ or occupier of the Pine Ridge Apartments, located at or about 1966 Clinton Road, Macon, Georgia 31211. Defendant Northwood may be served through its registered agent, National Registered Agents, Inc. at its physical address as listed with North Carolina's Secretary of State, 160 Mine Lake Ct Ste 200, Raleigh, NC 27615-6417.

12.

Jurisdiction and venue are proper as to Defendant Northwood.

13.

Defendant Northwood has been properly served with process in this matter.

14.

Defendant KMA Foxcroft, LLC ("KMA" or "Defendant") is a limited liability company organized in the state of Oklahoma and is the owner, manager, and/ or occupier of the Pine Ridge Apartments, located at or about 1966 Clinton Road, Macon, Georgia 31211. Defendant KMA may be served through its registered agent, Capitol Document Services, Inc. at its physical address listed with the Oklahoma Secretary of State, 1833 S Morgan Rd, Oklahoma City, OK 73128.

15.

Jurisdiction and venue are proper as to Defendant KMA.

16.

Defendant KMA has been properly served with process in this matter.

**OPERATIVE FACTS AND LEGAL CLAIMS**

17.

At all times relevant to this Complaint, Defendants owned, operated, controlled, and/or managed the Pine Ridge Apartments, located at or about 1966 Clinton Road, Macon, Georgia 31211.

18.

On or about November 17, 2020 (the "date of incident"), Malik Young was physically present at the Pine Ridge Apartments, in the parking lot near the apartment building located at 1958 Clinton Road, Macon, Georgia 31211 (the

"Premises").

8.

At all times relevant to this Complaint, Defendants owned, operated, controlled, and/ or managed the Premises.

9.

Malik Young was an invitee on the Premises on the date of incident.

10.

While on the Premises, Malik Young was a victim of aggravated assault, aggravated battery, and was shot with a deadly weapon.

11.

Upon information and belief, the perpetrator was a person who did not reside at or in Pine Ridge Apartments.

12.

Due to the attack, Malik Young sustained conscious pain and suffering, became aware of his impending death, and died.

13.

At all relevant times and circumstances then existing, Malik Young exercised ordinary care and was an innocent victim.

14.

Defendants breached their duty owed to Malik Young by failing to exercise ordinary care to keep their premises safe.

15.

Prior to and through the date of incident, Defendants had actual and constructive knowledge of criminal activity existing on the Premises and its approaches and the surrounding area. Said prior criminal activity was negligently permitted to exist and remain on the Premises.

16.

At all times mentioned herein, Defendants controlled the Premises and its management, and had the legal duty to keep the premises in a state consistent with the due regard of the safety of their residents and invitees, including Malik Young. Defendants breached said duties to Malik Young and failed to act as similarly situated businesses in like circumstances.

17.

Defendants knew of, or with the exercise of due care for the safety of its invitees should have known of, the dangerous and hazardous conditions existing on the Premises and the failure to maintain, inspect, secure, patrol, and manage the premises and that said conditions were likely to result in the injuries suffered by Malik Young.

18.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the Premises due to the direct knowledge of their employees and agents and due to the prior criminal activity and dangers associated with the Premises and surrounding areas.

19.

Prior to and on the date of incident, the subject premises was negligently maintained, inspected, secured, patrolled, and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the Premises, but failed to exercise ordinary care in executing those actions.

20.

Even though Defendants had actual and constructive knowledge of criminal activity existing at the property and in the neighborhood surrounding their property prior to the attack on Malik Young, Defendants failed to warn Malik Young of the hazardous conditions on the property.

21.

Defendants negligently failed to maintain adequate security devices to permit proper use of the property, thereby causing an unreasonable risk of injury to its invitees, including Malik Young.

22.

Defendants were and are negligent *per se*.

23.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the Premises.

24.

Defendants are liable for the shooting of Malik Young. Said shooting was

done without necessity, privilege, or consent.

25.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of, the dangerous environment of the Premises, Defendants are liable for the negligent supervision, hiring, training, and retention of its employees and agents, and for the entrustment of the Premises to said agents and employees. Said negligence was the proximate cause of the damages and injuries to Malik Young.

26.

Defendants were negligent and said negligence proximately caused Malik Young' injuries and death in the following ways, to-wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b) Violation of O.C.G.A. § 44-7-14;

c) In failing to properly inspect and maintain the premises;

d) In failing to warn of the latent dangers on the premises;

e) In failing to properly train and supervise employees in regard to the maintenance and safety of said premises;

f) In failing in properly retaining, entrusting, hiring, training and supervising said employees;

g) In failing to inspect, patrol, or appropriately monitor the premises; and

h) In failing to employ proper security measures in light of the history of the

property and high-crime area in which the property is located.

27.

Defendants negligently failed to provide proper security protection, security personnel, or an outside security presence on the property, and negligently failed to employ proper security protections available to Defendant.

28.

Defendants negligently failed to remedy and respond to known criminal activity, loitering, and trespassing on the subject premises, thereby creating an unreasonable risk of crime to invitees, including Malik Young.

29.

Defendants negligently failed to act on knowledge of prior crimes, and the surrounding high-crime area, and failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said property.

30.

Defendants negligently represented to their invitees, including Malik Young, that the property at issue was properly maintained and that the Premises were safe.

31.

Defendants failed to take appropriate action to remedy or reduce the danger to invitees, including Malik Young, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

32.

Defendants' negligence was a cause in fact and a proximate cause of Malik Young's injuries and death.

33.

Plaintiff, individually and as the surviving parent of Malik Young, claims damages for his wrongful death, representing the full value of his life, economic and intangible, to himself had he lived. Plaintiff seeks all wrongful death damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

34.

Plaintiff, as the anticipated administrator of the Estate of Malik T. Young, claims general damages for all the elements of the personal injuries, conscious physical and mental pain and suffering, mental anguish, medical expenses, and all other injuries and damages endured by Malik Young prior to his death proximately caused by the November 17, 2020, incident at issue. Plaintiff seeks all estate-based damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

35.

As a proximate and foreseeable result of the Defendants' negligence, decedent Malik Young received serious injuries, endured conscious pain and suffering, mental anguish, became aware of his impending death, loss of the enjoyment of life, lost wages, wrongful death, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiff, as surviving parent of Malik Young, is

entitled to recover the full value of the life of Malik Young for his wrongful death and all other elements of damages allowed under Georgia law. Plaintiff intends to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal and physical injuries;

b) Pain and suffering;

c) Lost past, present, and future wages;

d) Medical expenses;

e) Mental anguish and emotional distress;

f) Incidental expenses;

g) Funeral expenses;

h) Wrongful death;

i) Consequential damages to be proven at trial; and

j) All estate and wrongful death damages permitted under Georgia law.

36.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate cause of the injuries to Malik Young. Defendants are liable for Malik Young's injuries sustained, pain and suffering, the cost of treatment, death, and all other elements of damages allowed under the laws of the State of Georgia.

37.

Plaintiff is entitled to an award of punitive damages, without limitation or cap,

because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care, which would raise the presumption of a conscious indifference to consequences and/or a specific intent to cause harm.

38.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. §§ 13-6-11 and 9-11-68). Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

WHEREFORE, Plaintiff prays that:

a) Process issue and the Defendants be served as provided by law;

b) She has trial by jury;

c) She be awarded general, special, compensatory, incidental, consequential, wrongful death, punitive and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

d) For attorneys' fees and costs of litigation in an amount which will be proven through the evidence at the time of trial;

e) She be awarded interest and costs; and

f) She be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

TRIAL BY JURY IS HEREBY DEMANDED

Dated: March 1, 2022.

                    **PIASTA NEWBERN WALKER, LLC**

                    /s/ Christopher B. Newbern
                    Christopher B. Newbern
                    Georgia Bar No. 314463

                    /s/ Andrew Hagenbush
                    Andrew Hagenbush
                    Georgia Bar No. 127945

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
chris@pnwlaw.com

                    **THE MURRAY LAW FIRM**

                    /s/ Mark E. Murray
                    Mark E. Murray
                    Georgia Bar No. 532002

2233 Peachtree Road NE
The Astoria 306
Atlanta, Georgia 30309